DA 14-0140

FILED

September 1 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0140

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 261N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

RICHARD A. JANOUSEK,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-13-592
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Wade Zolynski, Chief Appellate Defender, Koan Mercer, Assistant
Appellate Defender; Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Tammy K. Plubell,
Assistant Attorney General; Helena, Montana

          Jim Nugent, Missoula City Attorney, Tiffany L. H. Heaton, Deputy City
Attorney; Missoula, Montana

Submitted on Briefs:   July 15, 2015
Decided:   September 1, 2015

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Richard Janousek appeals from the order of the Montana Fourth Judicial District Court, Missoula County, affirming the Missoula Municipal Court judgment finding him guilty of Criminal Trespass to Property. We affirm.

¶3      Charles Miller owns Miller Excavating. He was subcontracted to perform demolition and debris removal work on a property in Missoula. At some point before June 4, 2013, Miller placed a six foot chain-link fence and two entrance gates on the property. Miller also placed no trespassing signs on the gates and on a utility pole facing a street near the property.

¶4       On June 4, 2013, Janousek approached Miller while Miller was working on the property. Janousek asked permission to enter the property and salvage copper wire. Miller told Janousek that he could not be on the property. On the evening of the following day, Miller's son discovered that Miller's chain-link fence had been cut and that Janousek was on the property collecting copper scrap. The son reported this to the police. Upon arriving at the property, a police officer discovered Janousek and issued him a notice to appear and complaint for trespassing.

¶5 Following a jury trial in the Municipal Court of the City of Missoula, Janousek was found guilty of Criminal Trespass to Property. He appealed this conviction to the District Court, claiming that there was not sufficient evidence presented before the Municipal Court to support his conviction. The District Court affirmed the decision of the Municipal Court.

¶6 Janousek now appeals to this Court. He contends that for the City to properly convict him of criminal trespass it needed to prove that he entered the property unlawfully. This, he contends, required proof that the landowner or an "authorized person" had either explicitly or by posting notice denied him entry onto the property. Janousek argues that there was not sufficient evidence to prove that Miller was such an "authorized person" and, for this reason, that his conviction should be reversed.

¶7 Janousek's explanation of the elements of criminal trespass is correct. *See* § 45-6-201(1), MCA; *State v. Allum*, 2005 MT 150, ¶ 18, 327 Mont. 363, 114 P.3d 233. However, there was sufficient evidence to support his conviction. As the District Court stated:

> Substantial evidence, both direct and circumstantial, supports the conclusion that Miller was authorized to exclude the Defendant from the property. He was a contractor actively working with heavy equipment on the site and had erected a secure fence with "no trespassing" signs. No other contractors had a physical presence on the site. Miller directly testified that he had authority to exclude the Defendant and to direct others to exercise that authority on his behalf. The responding police officer testified that Miller was "the manager" of the site. Finally, the evidence shows that even the Defendant believed Miller had authority to grant, and by inference deny, permission to enter because the Defendant personally sought him out to ask permission to enter the site, and that after the police were called and were present, the Defendant asked Miller for permission to enter the property to retrieve the copper he had collected.

3

Based on our review of the record, this statement is an accurate description of the evidence presented by the State at trial.

¶8     This evidence indicates that Miller was authorized to deny Janousek entry to the property.  In *Allum*, we decided that a person may be "authorized" even if he or she has not received explicit authority from the landowner.  We held that a store manager was an "authorized person" that could exclude people from the store property because he was authorized to make decisions regarding the property.  *Allum*, ¶¶ 24-26.  Similarly, Miller may not have had explicit authority from the landowner to exclude people from the property, but the evidence indicates that he had control of the property and was authorized to make decisions concerning the property.  The evidence indicates that, as in *Allum*, Miller was an "authorized person."  There was sufficient evidence for the jury to find that Janousek had been denied entry to the property by an authorized person and to convict Janousek of Criminal Trespass to Property.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  The District Court's interpretation and application of the law were correct.

¶10    Affirmed.

/S/ MICHAEL E WHEAT

4

We Concur:


/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE